# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0471** (Wayne County 14-F-082)

**Robert Wayne Prince,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Wayne Prince, by counsel Alison R. Gerlach, appeals the Circuit Court of Wayne County's June 1, 2015, order sentencing him to not less than two years nor more than fifteen years of incarceration for Delivery of a Schedule I Controlled Substance. The State, by counsel Jonathan E. Porter, filed a response. On appeal, petitioner argues that the circuit court erred in denying his motion to suppress certain evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2013, petitioner sold less than two grams of heroin to a confidential informant ("CI") in the presence of multiple police officers. The CI arranged to meet petitioner to purchase heroin from him while in the custody of the Kenova Police Department. The CI was searched by an officer and a drug detection canine officer before she left the police station. Another police officer drove the CI to the appointed meeting place and remained in the vehicle with her until petitioner arrived and approached the vehicle's window. Petitioner exchanged the bag of heroin for money with the CI and was immediately arrested by several police officers. The police officer in the vehicle with the CI picked up the heroin from the CI, kept it in his possession, and ordered the CI out of the vehicle during petitioner's arrest. Prior to petitioner's trial, the heroin tested positive using a field test kit at the police department and those findings were confirmed by additional testing at the West Virginia State Police Forensic Laboratory. Petitioner was subsequently charged with the Delivery of a Schedule I Controlled Substance.

In March of 2015, petitioner filed a motion to suppress the heroin as evidence claiming that there were three breaks in the chain of custody, one of which would call into question the heroin's authenticity. Petitioner claimed that the CI was not sufficiently searched at the police station and left alone in the police officer's vehicle with the heroin. Petitioner also contended that

1

the heroin was not securely stored at the police department. The circuit court held petitioner's motion in abeyance until his criminal trial.

In April of 2015, petitioner's trial commenced. At trial, the officer that confiscated the heroin confirmed that the heroin that tested positive was from the same sample that he received when petitioner was arrested for Delivery of a Schedule I Controlled Substance. He further testified that the heroin was placed in storage at the Kenova Police Department in accordance with the policies of the department. A lab technician from the West Virginia State Police Forensic Laboratory testified that the heroin sample arrived at the lab sealed in an evidence bag, was analyzed, tested positive as heroin, and returned to the Kenova Police Department in the same manner. After hearing the testimony regarding the chain of custody and the heroin's authenticity, the circuit court denied petitioner's motion to suppress the heroin as evidence.

The CI testified that she arranged for petitioner to sell her heroin and the police officers searched her in the presence of a drug detection canine officer before she went to purchase heroin from petitioner. The CI testified that it was petitioner who arranged the pre-determined meeting place, arrived at the meeting place, and delivered the heroin. Ultimately, petitioner was convicted of Delivery of a Schedule I Controlled Substance and sentenced to a period of not less than two years nor more than fifteen years of incarceration. Petitioner now appeals his conviction and sentencing order dated June 1, 2015.

We have previously set forth the following standard of review:

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy,* 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Upon our review, we find no error in the circuit court's rulings below.

We begin by addressing petitioner's argument that the circuit court erred in denying his motion to suppress the heroin. Specifically, petitioner argues that the heroin was not secured in a proper chain of custody procedure at the Kenova Police Department and, therefore, could have been tampered with.

When discussing chain of custody procedures, we have previously held that "[t]he preliminary issue of whether a sufficient chain of custody has been shown to permit the admission of physical evidence is for the trial court to resolve. Absent abuse of discretion, that decision will not be disturbed on appeal." Syl. Pt. 2, *State v. Davis*, 164 W.Va. 783, 266 S.E.2d 909 (1980). It is clear from the record that the circuit court heard enough evidence to establish that a sufficient chain of custody existed for the admission of the heroin at petitioner's trial.

At trial, the police officer that confiscated the heroin on scene confirmed that the positive heroin sample was from the same package he received when petitioner was arrested. He also testified that the heroin was placed in storage at the Kenova Police Department in accordance with the policies and procedures of the department. Other police officers corroborated his testimony by confirming that the confiscated heroin was placed in the evidence locker at the Kenova Police Department and only police department employees had access to the evidence locker. A laboratory technician from the West Virginia State Police Forensic Laboratory also testified that the heroin sample arrived at the laboratory sealed in an evidence bag, was analyzed, tested positive as heroin, and was returned to the Kenova Police Department. The laboratory technician indicated that the heroin sample arrived at the West Virginia State Police Forensic Laboratory properly sealed and packaged and was returned to the police department in the same manner. Finally and as previously stated, the CI testified that she arranged for petitioner to sell her heroin and she was searched before she went to purchase the heroin from petitioner. She also testified that it was petitioner who delivered the heroin. As outlined above, there was sufficient evidence for the circuit court to deny petitioner's motion to suppress and admit the heroin evidence at trial. As such, we find no error in this regard.

Next, petitioner argues that that the heroin was improperly secured. He contends that the circuit court did not follow the proper analysis to determine chain of custody and, as such, it is "quite likely that intermeddlers could have tampered with the substance, or even removed or replaced the substance." However, we disagree.

We have held that

> [b]efore a physical object connected with a crime may properly be admitted into evidence, it must be shown that the object is in substantially the same condition as when the crime was committed. Factors to be considered in making this determination are: (1) the nature of the article, (2) the circumstances surrounding its preservation and custody, and (3) the likelihood of intermeddlers tampering with it.

*Id.* at 164 W.Va. 783, 266 S.E.2d 909, Syl. Pt. 1. In the present case, several witnesses testified regarding the transaction and exchange of heroin between petitioner and the CI. Additionally, a number of police officers testified that the heroin was stored following the proper chain of custody procedures, only police department employees had access to the evidence locker, and the sample of heroin presented at trial was the same shape, size, and mass as the sample that was placed into custody at the Kenova Police Department following petitioner's arrest. Police officers further testified that the heroin sample was the same as the heroin received at petitioner's arrest and sent to the West Virginia State Police Forensic Laboratory. Therefore, we find no error in the circuit court admitting the heroin evidence at petitioner's trial.

For the foregoing reasons, the circuit court's June 1, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II